**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| IPLEARN, LLC,<br>a California Limited Liability Company;<br><br>                Plaintiff,<br><br>    v.<br><br>LEARN.COM, Inc.,<br>a Delaware Corporation;<br><br>CERTPOINT SYSTEMS, INC.<br>a Delaware Corporation;<br><br>MERIDIAN KNOWLEDGE SOLUTIONS, LLC,<br>a Virginia Limited Liability Company;<br><br>NETDIMENSIONS LTD.,<br>a Hong Kong Corporation;<br><br>ND Services Inc.,<br>a Texas Corporation;<br><br>EMTRAIN,<br>a California Corporation;<br><br>HRSMART, INC.,<br>a Delaware Corporation; and<br><br>PEROT SYSTEMS CORP.,<br>a Delaware Corporation.<br><br>              Defendants. | CASE NO:  6:10-CV-104<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff IpLearn, LLC ("IpLearn") alleges against Defendants Learn.com, Inc., Certpoint

Systems, Inc., Meridian Knowledge Solutions, LLC, NetDimensions Ltd. and ND Services, Inc.

(collectively, "NetDimensions"), emTRAiN, HRsmart, Inc., and Perot Systems Corp. (collectively, "Defendants") as follows:

## JURISDICTION

1.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     The Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Texas and in this district, including selling products and/or services that infringe one or more claims of the patents-in-suit in this forum, regularly doing and soliciting business in this forum, and/or deriving substantial revenue from products and services provided to individuals in Texas and in this judicial district.  Each defendant has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

3.     Each of the Defendants has committed acts within this judicial district giving rise to this action, including making, using, offering for sale, selling, or providing infringing products, services, and support to customers in this district, and actively soliciting and doing business in this judicial district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PARTIES

4.     Plaintiff IpLearn, LLC is a California limited liability company located at 1807 Limetree Lane, Mountain View, California 94040.  IpLearn is a technology development and licensing company for web and computer-based learning technologies.

5.      On information and belief, Defendant Learn.com, Inc. ("Learn.com") is a Delaware corporation with its principal place of business located at 14001 NW 4th Street, Sunrise, Florida 33325.  Upon information and belief, Learn.com develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its LearnCenter Productivity Suite and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

6.      On information and belief, Defendant Certpoint Systems, Inc. ("Certpoint") is a Delaware corporation with a principal place of business located at 4 Expressway Plaza, Suite 200 Roslyn Heights, New York 11577.  Upon information and belief, Certpoint develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including the CERTPOINTVLS On-Demand Enterprise Learning Platform ("CERTPOINTVLS") and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

7.      On information and belief, Defendant Meridian Knowledge Solutions LLC ("Meridian") is a Virginia limited liability company with a principal place of business located at 4465 Brookfield Corporate Drive, Suite 201, Chantilly, Virginia 20151.  Upon information and belief, Meridian develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including Meridian Global LMS and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

8.     On information and belief, Defendant NetDimensions Ltd. is a foreign corporation organized and existing under the laws of the Hong Kong SAR, and with a principal place of business located at 17/F, Siu On Centre, 188 Lockhart Road, Wan Chai, Hong Kong SAR.   On information and belief, Defendant ND Services Inc. is a Texas corporation and wholly-owned subsidiary of NetDimensions Ltd., with a registered agent located at 350 N. Saint Paul Street, Dallas, Texas, 75201, and on information and belief, a principal place of business located at 6836 Bee Caves Road, Suite 274 Austin, Texas 78746.   NetDimensions Ltd. and ND Services Inc. are referred to collectively herein as "NetDimensions."  Upon information and belief, NetDimensions develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Enterprise Knowledge Platform ("EKP"), Enterprise Content Platform ("ECP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

9.     On information and belief, Defendant emTRAiN is a California corporation with a principal place of business located at 777 Campus Commons Road, Suite 200, Sacramento, California 95819.   Upon information and belief, emTRAIN develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its LMS Enterprise Dashboard learning management system and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

10.     On information and belief, Defendant HRsmart, Inc. ("HRsmart") is a Delaware corporation with a principal place of business located at 2929 N. Central Expressway, Suite 110,

Richardson, Texas 75080.  Upon information and belief, HRsmart develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Talent Management Application Suite and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

11.     On information and belief, Defendant Perot Systems Corporation ("Perot Systems") is a Delaware corporation with a principal place of business located at 2300 West Plano Parkway, Plano, Texas 75075.  Upon information and belief, Perot accesses and uses infringing learning and development systems developed and/or offered for sale and sold by MindLeaders in this jurisdiction.

## COUNT I

### (Infringement of U.S. Patent No. 6,685,478)

12.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

13.     On February 3, 2004, U.S. Patent No. 6,685,478 ("the '478 patent"), entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and is valid and enforceable.  A true and correct copy of the '478 patent is attached hereto as Exhibit 1.

14.     IpLearn is the assignee and sole holder of all right, title, and interest in the '478 patent, including all rights to enforce the '478 patent and collect past and future damages for infringement.

15.    Defendant Certpoint, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CERTPOINTVLS On-Demand Enterprise Learning Platform ("CERTPOINTVLS") and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, Certpoint further induces infringement of the '478 patent through, for example, providing customers with instructions and support for CERTPOINTVLS and other reasonably similar products or services.   On information and belief, Certpoint contributorily infringes the '478 patent by making CERTPOINTVLS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

16.    Defendant Meridian, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Meridian Global LMS and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, Meridian further induces infringement of the '478 patent through, for example, providing customers with instructions and support for Meridian Global LMS and other reasonably similar products or services.  On information and belief, Meridian contributorily infringes the '478 patent by making Meridian Global LMS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

17.    Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, NetDimensions further induces infringement of the '478 patent

through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.   On information and belief, NetDimensions contributorily infringes the '478 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

18.     Defendant emTRAiN, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LMS Enterprise Dashboard learning management system and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, emTRAiN further induces infringement of the '478 patent through, for example, providing customers with instructions and support for its LMS Enterprise Dashboard and other reasonably similar products or services.   On information and belief, emTRAiN contributorily infringes the '478 patent by making its LMS Enterprise Dashboard and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

19.     Defendant HRsmart, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Talent Management Application Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, HRsmart further induces infringement of the '478 patent through, for example, providing customers with instructions and support for its Talent Management Application Suite and other reasonably similar products or services.   On information and belief, HRsmart contributorily infringes the '478 patent by making its Talent Management Application Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

20.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271.   On information and belief, Learn.com further induces infringement of the '478 patent through, for example, providing customers with instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.   On information and belief, Learn.com contributorily infringes the '478 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

21.     IpLearn has been, and continues to be, damaged and irreparably harmed by Certpoint, Meridian, NetDimensions, emTRAIN, HRsmart, and Learn.com's infringement, which will continue unless each of the foregoing defendants are enjoined by this Court.

## COUNT II

### (Infringement of U.S. Patent No. 6,213,780)

22.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

23.     On April 10, 2001, U.S. Patent No. 6,213,780 ("the '780 patent"), entitled "Computer-Aided Learning and Counseling Methods and Apparatus for a Job," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '780 patent is attached hereto as Exhibit 2.

24.     IpLearn is the assignee and sole holder of all right, title, and interest in the '780 patent, including all rights to enforce the '780 patent and collect past and future damages for infringement.

25.     Defendant HRsmart, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Talent Management Application Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271.   On information and belief, HRsmart further induces infringement of the '780 patent through, for example, providing customers with instructions and support for its Talent Management Application Suite and other reasonably similar products or services.   On information and belief, HRsmart contributorily infringes the '780 patent by making its Talent Management Application Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

26.     IpLearn has been, and continues to be, damaged and irreparably harmed by HRsmart's infringement, which will continue unless HRsmart is enjoined by this Court.

## COUNT III

### (Infringement of U.S. Patent No. 7,201,580)

27.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

28.     On April 10, 2007, U.S. Patent No. 7,201,580 ("the '580 patent"), entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '580 patent is attached hereto as Exhibit 3.

29.     IpLearn is the assignee and sole holder of all right, title, and interest in the '580 patent, including all rights to enforce the '580 patent and collect past and future damages for infringement.

30.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '580 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '580 patent through, for example, providing customers with instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '580 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

31.     Defendant Certpoint, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CERTPOINTVLS On-Demand Enterprise Learning Platform ("CERTPOINTVLS") and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '580 patent under 35 U.S.C. § 271.  On information and belief, Certpoint further induces infringement of the '580 patent through, for example, providing customers with instructions and support for CERTPOINTVLS and other reasonably similar products or services.  On information and belief, Certpoint contributorily infringes the '580 patent by making CERTPOINTVLS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

32.     Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '580 patent under 35 U.S.C. § 271.  On information and belief, NetDimensions further induces infringement of the '580 patent

through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.  On information and belief, NetDimensions contributorily infringes the '580 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

33.    Defendant HRsmart, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Talent Management Application Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '580 patent under 35 U.S.C. § 271.  On information and belief, HRsmart further induces infringement of the '580 patent through, for example, providing customers with instructions and support for its Talent Management Application Suite and other reasonably similar products or services.  On information and belief, HRsmart contributorily infringes the '580 patent by making its Talent Management Application Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

34.    IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com, Certpoint, NetDimensions, and HRsmart's infringement, which will continue unless each of the foregoing defendants are enjoined by this Court.

## COUNT IV

### (Infringement of U.S. Patent No. 6,118,973)

35.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

36.     On September 12, 2000, U.S. Patent No. 6,118,973 ("the '973 patent"), entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '973 patent is attached hereto as Exhibit 4.

37.     IpLearn is the assignee and sole holder of all right, title, and interest in the '973 patent, including all rights to enforce the '973 patent and collect past and future damages for infringement.

38.     Defendant Certpoint, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CERTPOINTVLS On-Demand Enterprise Learning Platform ("CERTPOINTVLS") and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '973 patent under 35 U.S.C. § 271.   On information and belief, Certpoint further induces infringement of the '973 patent through, for example, providing customers with instructions and support for CERTPOINTVLS and other reasonably similar products or services.   On information and belief, Certpoint contributorily infringes the '973 patent by making CERTPOINTVLS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

39.     Defendant Meridian, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Meridian Global LMS and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '973 patent under 35 U.S.C. § 271.  On information and belief, Meridian further induces infringement of the '973 patent through, for example, providing customers with instructions and support for Meridian Global LMS and other reasonably similar products or services.  On information and belief, Meridian contributorily infringes the '973 patent by making Meridian Global LMS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

40.     Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '973 patent under 35 U.S.C. § 271.  On information and belief, NetDimensions further induces infringement of the '973 patent through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.   On information and belief, NetDimensions contributorily infringes the '973 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

41.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '973 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '973 patent through, for example, providing customers with

instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '973 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

42.     IpLearn has been, and continues to be, damaged and irreparably harmed by Certpoint, Meridian, NetDimensions, and Learn.com's infringement, which will continue unless each of the foregoing defendants are enjoined by this Court.

## COUNT V

### (Infringement of U.S. Patent No. 6,688,888)

43.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

44.     On February 10, 2004, U.S. Patent No. 6,688,888 ("the '888 patent"), entitled "Computer-Aided Learning System and Method," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '888 patent is attached hereto as Exhibit 5.

45.     IpLearn is the assignee and sole holder of all right, title, and interest in the '888 patent, including all rights to enforce the '888 patent and collect past and future damages for infringement.

46.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '888 patent through, for example, providing customers with

instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '888 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

47.     Defendant Certpoint, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CERTPOINTVLS On-Demand Enterprise Learning Platform ("CERTPOINTVLS") and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271.  On information and belief, Certpoint further induces infringement of the '888 patent through, for example, providing customers with instructions and support for CERTPOINTVLS and other reasonably similar products or services.  On information and belief, Certpoint contributorily infringes the '888 patent by making CERTPOINTVLS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

48.     Defendant Meridian, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Meridian Global LMS and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271.  On information and belief, Meridian further induces infringement of the '888 patent through, for example, providing customers with instructions and support for Meridian Global LMS and other reasonably similar products or services.  On information and belief, Meridian contributorily infringes the '888 patent by making Meridian Global LMS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

49.     Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271.  On information and belief, NetDimensions further induces infringement of the '888 patent through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.   On information and belief, NetDimensions contributorily infringes the '888 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

50.     IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com, Certpoint, Meridian, and NetDimensions' infringement, which will continue unless each of the foregoing Defendants are enjoined by this Court.

## COUNT VI

### (Infringement of U.S. Patent No. 5,779,486)

51.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

52.     On July 14, 1998, U.S. Patent No. 5,779,486 ("the '486 patent"), entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '486 patent is attached hereto as Exhibit 6.

53.     IpLearn is the assignee and sole holder of all right, title, and interest in the '486 patent, including all rights to enforce the '486 patent and collect past and future damages for infringement.

54.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '486 patent through, for example, providing customers with instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '486 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

55.     Defendant Meridian, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Meridian Global LMS and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271.  On information and belief, Meridian further induces infringement of the '486 patent through, for example, providing customers with instructions and support for Meridian Global LMS and other reasonably similar products or services.  On information and belief, Meridian contributorily infringes the '486 patent by making Meridian Global LMS and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

56.     Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services,

has infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271.  On information and belief, NetDimensions further induces infringement of the '486 patent through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.   On information and belief, NetDimensions contributorily infringes the '486 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

57.     IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com, Meridian, and NetDimensions' infringement, which will continue unless each of the foregoing defendants are enjoined by this Court.

## COUNT VII

### (Infringement of U.S. Patent No. 6,398,556)

58.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

59.     On June 4, 2002, U.S. Patent No. 6,398,556 ("the '556 patent"), entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '556 patent is attached hereto as Exhibit 7.

60.     IpLearn is the assignee and sole holder of all right, title, and interest in the '556 patent, including all rights to enforce the '556 patent and collect past and future damages for infringement.

61.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnCenter Productivity Suite and

reasonably similar products or services, has infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '556 patent through, for example, providing customers with instructions and support for its LearnCenter Productivity Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '556 patent by making its LearnCenter Productivity Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

62.     Defendant NetDimensions, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Knowledge Platform ("EKP"), Enterprise Assessment Platform ("EAP"), and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271.  On information and belief, NetDimensions further induces infringement of the '556 patent through, for example, providing customers with instructions and support for its EKP, EAP, and other reasonably similar products or services.  On information and belief, NetDimensions contributorily infringes the '556 patent by making its EKP, EAP, and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

63.     Defendant emTRAiN, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LMS Enterprise Dashboard learning management system and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271.  On information and belief, emTRAiN further induces infringement of the '556 patent through, for example, providing customers with instructions and support for its LMS Enterprise Dashboard and other reasonably similar products or services.  On information and belief, emTRAiN contributorily

infringes the '556 patent by making its LMS Enterprise Dashboard and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

64.     IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com, NetDimensions, and emTRAIN's infringement, which will continue unless each of the foregoing defendants are enjoined by this Court.

## COUNT VIII

### (Infringement of U.S. Patent No. RE38,432)

65.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

66.     On February 24, 2004, U.S. Patent No. RE38,432 ("the '432 patent"), entitled "Computer-Aided Group-Learning Methods and Systems," reissued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.     A true and correct copy of the '432 patent is attached hereto as Exhibit 8.

67.     IpLearn is the assignee and sole holder of all right, title, and interest in the '432 patent, including all rights to enforce the '432 patent and collect past and future damages for infringement.

68.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its WebRoom Conferencing Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '432 patent under 35 U.S.C. § 271.   On information and belief, Learn.com further induces infringement of the '432 patent through, for example, providing customers with instructions and support for its WebRoom Conferencing Suite and other reasonably similar

products or services.  On information and belief, Learn.com contributorily infringes the '432 patent by making its WebRoom Conferencing Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

69.     IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com's infringement, which will continue unless Learn.com is enjoined by this Court.

## COUNT IX

### (Infringement of U.S. Patent No. RE39,942)

70.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

71.     On December 18, 2007, U.S. Patent No. RE39,942 ("the '942 patent"), entitled "Computer-Aided Group-Learning Methods and Systems," reissued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '942 patent is attached hereto as Exhibit 9.

72.     IpLearn is the assignee and sole holder of all right, title, and interest in the '942 patent, including all rights to enforce the '942 patent and collect past and future damages for infringement.

73.     Defendant Learn.com, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its WebRoom Conferencing Suite and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '942 patent under 35 U.S.C. § 271.  On information and belief, Learn.com further induces infringement of the '942 patent through, for example, providing customers with instructions and support for its WebRoom Conferencing Suite and other reasonably similar products or services.  On information and belief, Learn.com contributorily infringes the '942

patent by making its WebRoom Conferencing Suite and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

74.     IpLearn has been, and continues to be, damaged and irreparably harmed by Learn.com's infringement, which will continue unless Learn.com is enjoined by this Court.

## COUNT X

### (Infringement of U.S. Patent No. 5,967,793)

75.     IpLearn realleges and incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

76.     On October 19, 1999, U.S. Patent No. 5,967,793 ("the '793 patent"), entitled "Relationship-Based Computer-Aided-Educational System," reissued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '793 patent is attached hereto as Exhibit 10.

77.     IpLearn is the assignee and sole holder of all right, title, and interest in the '793 patent, including all rights to enforce the '793 patent and collect past and future damages for infringement.

78.     Defendant Perot Systems, in using the on-line courseware, learning management system, and reasonably similar products or services provided by MindLeaders, has infringed and continues to infringe one or more claims of the '793 patent under 35 U.S.C. § 271.

79.     Defendant emTRAiN, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LMS Enterprise Dashboard learning management system and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '793 patent under 35 U.S.C. § 271.   On information and belief, emTRAiN further induces infringement of the '793 patent through, for example,

providing customers with instructions and support for its LMS Enterprise Dashboard and other reasonably similar products or services.  On information and belief, emTRAiN contributorily infringes the '793 patent by making its LMS Enterprise Dashboard and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers.

80.     IpLearn has been, and continues to be, damaged and irreparably harmed by Perot Systems and emTRAIN's infringement, which will continue unless Perot Systems and emTRAIN are enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, IpLearn prays for judgment and relief as follows:

A.      An order enjoining Defendants' continued direct infringement, inducing infringement, and contributory infringement of the '793, '478, '780, '580, '973, '888, '486, '556, '432, and '942 Patents (collectively, the "patents-in-suit");

B.      An award of damages, including past damages under 35 U.S.C. § 287, in favor of IpLearn and against each Defendant sufficient to compensate IpLearn for each Defendant's infringement of the patents-in-suit;

C.      An assessment of pre- and post-judgment interest;

D.      In the event no injunction is entered, an ongoing royalty;

E.      A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

F.      An award to IpLearn of its reasonable expenses, including attorneys' fees and costs in this action; and

G.      Such other and further relief as the Court deems just and proper.

Dated: March 19, 2010                          Respectfully submitted,


                                               */s/ Wayne O. Stacy*
                                               Wayne O. Stacy

                                               COOLEY GODWARD KRONISH LLP
                                               Thomas Friel, Jr.
                                               Brian P. Wikner
                                               3175 Hanover Street
                                               Palo Alto, CA 94304
                                               (650) 843-5000 (phone)
                                               (650) 857-0663 (fax)
                                               frieltj@cooley.com
                                               bwikner@cooley.com


                                               James P. Brogan
                                               Wayne O. Stacy, *Attorney-In-Charge*
                                               Orion Armon
                                               Eamonn Gardner
                                               Thomas Croft
                                               380 Interlocken Crescent, Suite 900
                                               Broomfield, CO 80021-8023
                                               (720) 566-4000 (phone)
                                               (720) 566-4099 (fax)
                                               jbrogan@cooley.com
                                               wstacy@cooley.com
                                               oarmon@cooley.com
                                               egardner@cooley.com
                                               tcroft@cooley.com

                                               Attorneys for Plaintiff
                                               IPLEARN, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff IpLearn hereby demands a trial by jury on all issues so triable.


Dated:  March 19, 2010                                  Respectfully submitted,


                                                        */s/ Wayne O. Stacy*
                                                        Wayne O. Stacy

                                                        COOLEY GODWARD KRONISH LLP
                                                        Thomas Friel, Jr.
                                                        Brian P. Wikner
                                                        3175 Hanover Street
                                                        Palo Alto, CA 94304
                                                        (650) 843-5000 (phone)
                                                        (650) 857-0663 (fax)
                                                        frieltj@cooley.com
                                                        bwikner@cooley.com

                                                        James P. Brogan
                                                        Wayne O. Stacy, *Attorney-In-Charge*
                                                        Orion Armon
                                                        Eamonn Gardner
                                                        Thomas Croft
                                                        380 Interlocken Crescent, Suite 900
                                                        Broomfield, CO 80021-8023
                                                        (720) 566-4000 (phone)
                                                        (720) 566-4099 (fax)
                                                        jbrogan@cooley.com
                                                        wstacy@cooley.com
                                                        oarmon@cooley.com
                                                        egardner@cooley.com
                                                        tcroft@cooley.com

                                                        Attorneys for Plaintiff
                                                        IPLEARN, LLC

827960 v3/HN